IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Lorenzo L. Jones, | ) | |
| | ) | Civil Action No.: 0:20-cv-03835-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Warden of FCI Bennettsville, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed in January 2021. (ECF No. 13.) The Report recommends that the court dismiss without prejudice Plaintiff Lorenzo L. Jones' Petition for a Writ of Habeas Corpus (ECF No. 1) for failing to state a cognizable claim for relief, and without requiring the above-captioned Defendant to file a return. For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 13) and incorporates it herein, and **DISMISSES** without prejudice Plaintiff's Petition for a Writ of Habeas Corpus (ECF No. 1).

    The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 13.) As brief background, Plaintiff is currently incarcerated at Federal Correctional Institution Bennettsville of the Federal Bureau of Prisons ("FCI Bennettsville"). Plaintiff claims twenty-seven days of his good time credit were revoked during a disciplinary hearing in June 2019. (*Id.* at 5.) Rather than disputing the merits of the revocation, Plaintiff maintains prison officials failed "to provide him an incident report within twenty-four hours of the incident" in violation of the Bureau of Prison's ("BOP") policy. (*Id.*) He now asks for his good time credit to be reinstated based upon this policy violation. (*Id.*)

1

The Magistrate Judge issued the Report in January 2021, suggesting this case be dismissed for failing to "state a cognizable claim for relief[.]" (*Id.* at 4.) The Magistrate Judge began by construing Plaintiff's claim "as asserting that his right to due process was violated, though [he] does not expressly state that prison officials violated his constitutional rights in the disciplinary process." (*Id.* at 3.) The Magistrate Judge explained that,

> where a disciplinary hearing affects a liberty interest, inmates must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; (3) a written statement by the fact finders of the evidence relied on and the reasons for the disciplinary action; and (4) a fair and impartial tribunal.

(*Id.* at 3-4 (citing *Wolff v. McDonnell*, 418 U.S. 563-67 (1974)).) The Magistrate Judge further observed that "[d]ue process is satisfied as long as there is 'some evidence' supporting the disciplinary hearing officer's findings." (ECF No. 13 at 4 (citing *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445 (1985)).) But, the Magistrate Judge noted, "prison officials' mere failure to comply with BOP policy does not establish a constitutional violation." (ECF No. 13 at 4 (citing *Clark v. Mosley*, C/A No. 6:17-219-RMG, 2017 WL 5027347, at *3 (D.S.C. Oct. 30, 2017)).) Because Plaintiff did not allege the disciplinary hearing violated his right to due process, and given the facts and analysis set forth in *Clark* were indistinguishable from the instant case, the Magistrate Judge concluded the case should be dismissed for failing to state a cognizable claim. (ECF No. 13 at 4.)

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of

those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *See also Hardin v. United States*, C/A No. 7:12-cv-0118-GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

Here, neither party has objected to the Report and the court discerns no clear error on the face of the record. The court has carefully examined the findings of the Report and concludes the Petition must be dismissed because Plaintiff has failed to state a cognizable claim for relief. Thus, after a thorough review of the Report and the record in this case, the court **ACCEPTS**

3

the Magistrate Judge's Report and Recommendation (ECF No. 13) and incorporates it herein, and **DISMISSES** without prejudice Plaintiff's Petition for Writ of Habeas Corpus (ECF No. 1).

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 14, 2021
Columbia, South Carolina